UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| AARON COHEN, on behalf of himself and all others similarly situated, | CASE NO.: 15-cv-07124-NSR-PED |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL REQUESTED** |
| DITECH FINANCIAL, LLC f/k/a GREEN TREE SERVICING, LLC, a foreign limited liability company; and SAFEGUARD PROPERTIES, LLC, a foreign limited liability company, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Ditech Financial, LLC, formerly known as Green Tree Servicing, LLC, and Safeguard Properties, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. §1692k(d)

3. Venue and personal jurisdiction in this District are proper because the Defendants do business within this District and the actions or inactions giving rise to this action occurred within this district.

## PARTIES

4. Plaintiff, Aaron Cohen ("Plaintiff"), is a natural person who resides in Rockland County and is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

5. Defendant, Ditech Financial, LLC ("Ditech") is a foreign limited liability company whose address for service of process in the State of New York is CT Corporation System, 111 Eighth Avenue in New York, NY 10011. Ditech was formerly known as and, during certain time relevant to this action, did business under the name, Green Tree Servicing, LLC ("Green Tree").

6. Ditech obtains debts that have been deemed delinquent by the original entities who granted the credit which created the debt, and thereafter engages in the business of collecting or attempting to collect those debts. Ditech is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Safeguard Properties, LLC ("Safeguard") is a foreign limited liability company whose address for service of process in the State of New York is CT Corporation System, 111 Eighth Avenue in New York, NY 10011.

8. Safeguard regularly operates in conjunction with and on behalf of creditors and other entities, including Ditech, in attempting to facilitate the collection of debt. Safeguard is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. At various times herein, Defendants Ditech and Safeguard are collectively referred to as, "Defendants."

## SAFEGUARD'S BUSINESS MODEL

10. Safeguard has described its business as: "Safeguard Properties is the largest privately held mortgage field services company in the U.S. Founded in 1990 and based in Valley View, Ohio, the company inspects and maintains *defaulted and foreclosed properties* for mortgage service companies, lenders, investors and other financial institutions. Safeguard employs nearly 850 people, in addition to a network of thousands of contractors nationally."[1]

11. Safeguard's website also states: "Safeguard leads the industry in delivering a full spectrum of inspection, maintenance, preservation, property registration, repairs and rehab services on vacant, defaulted and foreclosed properties."[2]

12. Among the services provided by Safeguard are:

---

[1] http://safeguardproperties.com/News/Safeguard_in_the_News/2011/03/Safeguard_Properties_Announces_Four_Executive_and_Management_Appointments.aspx?ID={7A7FD845-1EA8-49AE-99C9-33DCD117183F} (Last accessed: March 31, 2016) (emphasis added).

[2] http://safeguardproperties.com/Services.aspx (Last accessed: March 31, 2016).

a. Exterior inspections. Inspectors visit defaulted properties to verify the occupancy status, determine the exterior condition of the property and inform the servicer of any adverse conditions. Most importantly, inspectors verify and report on whether the property appears to be occupied or vacant.[3]

b. Communicating with delinquent borrowers on behalf of mortgage companies. "Through contact inspections, inspectors will make up to three attempts on behalf of mortgage servicers and lenders to provide contact information to delinquent borrowers. Multiple attempts generally occur 24 hours apart and at different times of the day to increase the chances of a successful contact. Attempts to contact the mortgagor are made during a visual exterior inspection for occupancy status per investor/insurer guidelines and/or client instruction. …*The inspector will leave a door hanger that contains the client's contact information, in an effort to have the mortgagor contact the client*."[4]

13. Safeguard reports back to the mortgage company whether it has been able to contact the consumer and regarding the condition of the property:

Q: As a client, how will I know if an inspection is completed?

A: Most inspection results are automatically uploaded to the client system if the original order came from a downloaded file. All results are displayed on our

---

[3] http://safeguardproperties.com/Services/Property_Inspections/Exterior_Inspections.aspx (Last accessed: March 31, 2016).

[4] http://safeguardproperties.com/Services/Property_Inspections/Contact_Attempt_Inspection.aspx (Last accessed: March 31, 2016).

website once they have been through our internal QC process. Results can then be printed or forwarded to a third-party if needed. Various reports are available on the website that will display properties which are vacant, have damages, show a new condition is reported, and so on. Many clients use these reports to view their vacant results daily.[5]

## FACTS

14. Plaintiff has a residential mortgage loan on his home, serviced by Ditech.

15. In a foreclosure filing commenced in March, 2015, Ditech, then doing business as Green Tree, claimed that Plaintiff's loan was in default since 2010.

16. Notwithstanding the ongoing foreclosure action, shortly before August 12, 2015, Ditech retained the services of Safeguard to assist it in the attempted collection Plaintiff's mortgage debt by instructing Safeguard to deliver a written collection communication to Plaintiff. Safeguard did, in fact, pursuant to Ditech's instructions, deliver the subject communication to Plaintiff.

17. The communication was in the form of a door hanger, a copy of which is attached hereto as **Exhibit A**, which advised Plaintiff to call Green Tree Mortgage at 800-666-1143; to be ready to give his account number; and further,

---

[5] http://safeguardproperties.com/Services/Property_Inspections/FAQs.aspx (Last accessed: April 1, 2016).

warned Plaintiff that, "WE ARE EXPECTING YOUR CALL TODAY." (emphasis in original).

18. **Exhibit A** is a "communication" as defined by the FDCPA. *Hart v. FCI Lender Services, Inc., 797 F.3d 219 (2d Cir. 2015).*

19. The purpose of the communication delivered to Plaintiff by Safeguard was to assist and facilitate Ditech's attempted collection of a financial obligation incurred for personal, family or household purposes and not for business purposes. Specifically, Ditech was attempting to collect a mortgage loan for plaintiff's home.

20. By delivering the collection communication, both Ditech and Safeguard were attempting to collect a debt within the meaning of 15 U.S.C. § 1692a(5). And Ditech, itself a debt collector, is vicariously liable for any violation of the FDCPA found to have been committed by Safeguard. *Deporter v. Credit Bureau of Carbon County*, No. 14-cv-00882-KMT (D. Colo. Apr. 28, 2015) ("[d]ebt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct.").

21. At the time the collection communication was delivered to Plaintiff, Defendant Ditech, who had already instituted foreclosure proceeding against Plaintiff, knew thereby that Plaintiff was represented by counsel regarding the subject mortgage, but initiated direct contact with Plaintiff anyway.

22. The collection communication delivered to Plaintiff by Safeguard, on behalf of Ditech, failed to disclose that the communication was from a debt collector.

23. Plaintiff was intimidated, annoyed and aggravated by the trespassory visits to his home by Safeguard who, at no time furnished Plaintiff with any of the disclosures required by 15 U.S.C. § 1692g or § 1692e(11). Upon information and belief, it the policy and practice of Safeguard *not* to furnish consumers with the disclosures required by 15 U.S.C. § 1692g or § 1692e(11), nor to have their representatives identify themselves as representatives of Safeguard when delivering collection communications. Indeed even though the communication was from Safeguard the communication states on top of the words "Name" –"Green Tree Mortgage". Plaintiff only learned the identity of Safeguard through discovery in this case.

## CLASS ALLEGATIONS

24. Plaintiff also brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

25. The class consists of all consumers with addresses in the State of New York who were the subject of a communication from Defendants; through the use of a form materially similar to Exhibit A; whereby Ditech was attempting to collect a debt incurred primarily for personal or household purposes; on or after a date one

year prior to the filing of the original complaint in action through the date this action is certified.

26. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class, including the Plaintiff.

27. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether **Exhibit A** qualifies as a communication and whether it was allowed to be provided to Plaintiff without stating that it was a communication form a debt collector.

28. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

29. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

30. A class action is superior for the fair and efficient adjudication of this matter, in that:

> a. Individual actions are not economically feasible;
>
> b. Members of the class are likely to be unaware of their rights;
>
> c. Congress intended class actions to be a principal enforcement mechanism under the FDCPA.

## COUNT I

## DEFENDANTS' VIOLATIONS OF 15 U.S.C. 1692c

### (*Plaintiff Individually*)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. 15 U.S.C. § 1692c(a)(2).

33. Defendants, through **Exhibit A**, communicated with the Plaintiff in connection with the collection of a debt, knowing that Plaintiff was already represented by counsel in connection with the alleged debt.

34. Because the unlawful collection communication violates 15 U.S.C. § 1692c(a)(2), Defendants are liable to the Plaintiff for statutory damages pursuant to 15 U.S.C. §1692k.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and against both Defendants, jointly and severally, for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT II

## DEFENDANTS' VIOLATIONS OF 15 U.S.C. 1692e

### (Plaintiff and the Class)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the failure to disclose that the communication is from a debt collector. 15 U.S.C. § 1692e(11).

37. Defendants, through **Exhibit A**, communicated with the Plaintiff in connection with the collection of a debt, using a form which failed to disclose the fact that the communication was from a debt collector.

38. Defendant also violated also 15 U.S.C. 1692e(14), which defines as a deceptive collection practice "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." Safeguard violated this provision by leaving notes with the telephone number and name of Green Tree without providing that the communication was coming from Safeguard.

39. Because the unlawful collection communication violates 15 U.S.C. § 1692e(11) and e(14), Defendants are liable to the Plaintiff and the Class for statutory damages pursuant to 15 U.S.C. §1692k.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against the defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT III

## DEFENDANTS' VIOLATIONS OF 15 U.S.C. 1692g

**(Plaintiff and the Class)**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Safeguard failed to give Plaintiff the required 1692g disclosures at any point in time.

41. 15 USC 1692g Validation of Debts states:

(a) Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42. Defendants, through **Exhibit A**, communicated with the Plaintiff in connection with the collection of a debt and failed to furnish a notice containing the disclosures in 1692g.

43. Because the unlawful collection communication violates 15 U.S.C. § 1692g, Defendants are liable to the Plaintiff and the Class for statutory damages pursuant to 15 U.S.C. §1692k.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against the defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.


Dated: Decatur, Georgia
       April 1, 2016

                                **The Law Offices of Shimshon Wexler, PC**

                                By: /s Shimshon Wexler
                                Shimshon Wexler
                                *Attorney for Plaintiff*
                                315 W Ponce de Leon Ave Suite 250

        Decatur, Georgia 30030
        Tel: (212)760-2400
        Fax: (917)512-6132
        swexleresq@gmail.com

Plaintiff requests a trial by jury on all issues so triable.

        By: /s Shimshon Wexler
            Shimshon Wexler

# EXHIBIT A

**IMPORTANT**
*IMPORTANTE*

**INFORMATION**
*INFORMACION*

**ENCLOSED**
*INCLUIDO*

DATE ___/___/___

FECHA ___/___/___

# IMPORTANT
# IMPORTANTE

## PLEASE CALL
## LLAME POR FAVOR

TEAR HERE & INSERT CARD INTO ENVELOPE

Green tree mortgage
**NAME / NOMBRE**

800-666-1143
**TELEPHONE NUMBER\***
**NÚMERO DE TELÉFONO\***

PLEASE BE READY TO GIVE YOUR ACCOUNT NUMBER.
POR FAVOR ESTÉ LISTO PARA DAR SU NÚMERO DE CUENTA.

WE ARE EXPECTING YOUR CALL TODAY.
ESPERAMOS SU LLAMADA HOY.

\*CALLS ARE RANDOMLY MONITORED & RECORDED TO ENSURE QUALITY SERVICE.
\*LA LLAMADA PUEDE SER SUPERVISADA Y GRABADA PARA ASEGURAR LA CALIDAD DEL SERVICIO.

SPI-020-12.09