**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON COHEN, on behalf of himself and all others similarly situated,<br><br><br>                          Plaintiff,<br><br>           -against-<br><br>DITECH FINANCIAL LLC formerly known as GREEN TREE SERVICING LLC, a foreign limited liability company; and SAFEGUARD PROPERTIES, LLC, a foreign limited liability company.<br><br>                       Defendant. | No. 7:15-cv-07124-NSR |

## DEFENDANT DITECH FINANCIAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech"), by its undersigned counsel and pursuant to Fed. R. Civ. P. 8, hereby serves its Answer and Affirmative Defenses to Plaintiff Aaron Cohen's First Amended Class Action Complaint (the "Complaint", ECF No. 17).

## INTRODUCTION

1.    Ditech admits only that Plaintiff purports to bring a class action and recover damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") but denies that it violated the FDCPA, that class certification is warranted or that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

2.    Ditech admits only that the Court has subject matter jurisdiction, but denies that Plaintiff is entitled to any relief whatsoever.

3.      Ditech admits only that the Court has personal jurisdiction and venue is proper, and denies the remaining allegations in Paragraph 3 of the Complaint.

## PARTIES

4.      After reasonable investigation, Ditech is without knowledge as to the allegations in Paragraph 4 of the Complaint, and thus, denies the same.

5.      Ditech admits the allegations in Paragraph 5 of the Complaint.

6.      Ditech denies the allegations in Paragraph 6 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 6.

7.      After reasonable investigation, Ditech is without knowledge as to the allegations in Paragraph 7 of the Complaint, and thus, denies the same.

8.      With respect to the allegation that Ditech is a debt collector, Ditech denies the allegation as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegation.  As to the remaining allegations in Paragraph 8 of the Complaint, Ditech states that after reasonable investigation, it is without knowledge as to these allegations, and thus, denies the same.

9.      Ditech denies the statements in Paragraph 9 of the Complaint as a non-allegation to which no response is required.

## SAFEGUARD'S BUSINESS MODEL

10.      After reasonable investigation, Ditech is without knowledge as to the allegations in Paragraph 10 of the Complaint, and thus, denies the same.

11.      Ditech admits only that Safeguard Properties LLC's ("Safeguard") website speaks for itself, and denies the remaining allegations in Paragraph 11 of the Complaint.

12.     Ditech admits only that Safeguard's website speaks for itself, and denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Ditech admits only that Safeguard's website speaks for itself, and denies the remaining allegations in Paragraph 13 of the Complaint.

## FACTS

14.     Ditech admits only that it services Plaintiff's mortgage loan (the "Loan"), which is secured by real property owned by Plaintiff and denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Ditech admits only that the subject foreclosure complaint is a publicly filed court record that speaks for itself, and denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Ditech admits only that it engaged Safeguard in connection with the servicing of the Loan and that Safeguard left the subject communication for Plaintiff.  Ditech denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Ditech admits only that Exhibit A speaks for itself, that Safeguard left Exhibit A for Plaintiff.  Ditech denies the remaining allegations in Paragraph 17 of the Complaint.

18.      Ditech denies the allegations in Paragraph 18 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 18.

19.     Ditech denies the allegations in Paragraph 19 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 19.

20.     Ditech denies the allegations in Paragraph 20 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 20.

21.     Ditech denies the allegations in Paragraph 21 of the Complaint.

22.     Ditech admits only that Exhibit A speaks for itself and denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Ditech denies the allegations in Paragraph 23 of the Complaint.

## CLASS ALLEGATIONS

24.     Ditech admits only that Plaintiff purports to bring this action on behalf of a class, but denies that class certification is proper.

25.     Ditech admits only that Plaintiff purports to identify a class, but denies that Plaintiff has a viable class to maintain this action as a class action.

26.     Ditech denies the allegations in Paragraph 26 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 26.

27.     Ditech denies the allegations in Paragraph 27 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 27.

28.     Ditech denies the allegations in Paragraph 28 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 28.

29.     Ditech denies the allegations in Paragraph 29 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 29.

30.     Ditech denies the allegations in Paragraph 30 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 30.

## COUNT I – 15 U.S.C. § 1692c

31.     Ditech reasserts its responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.     Ditech denies the allegations in Paragraph 32 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 32.

33.     Ditech denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

## COUNT II – 15 U.S.C. § 1692e

35.     Ditech reasserts its responses to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

36.     Ditech denies the allegations in Paragraph 36 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 36.

37.     Ditech denies the allegations in Paragraph 37 of the Complaint.

38.     Ditech denies the allegations in Paragraph 38 of the Complaint.

39.     Ditech denies the allegations in Paragraph 39 of the Complaint.

<u>**COUNT III – 15 U.S.C. § 1692g**</u>

40.     Ditech reasserts its responses to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

40.     Ditech denies the allegations in Paragraph 40 of the Complaint.[1]

41.     Ditech denies the allegations in Paragraph 41 of the Complaint as a legal conclusion to which no response is required.  To the extent a further response is required, Ditech denies the allegations in Paragraph 41.

42.     Ditech denies the allegations in Paragraph 42 of the Complaint.

43.     Ditech denies the allegations in Paragraph 43 of the Complaint.

44.     Ditech denies each and every allegation not specifically admitted herein.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST DEFENSE**

As its First Defense, Ditech states that the FDCPA claims are barred as it is not a debt collector under the FDCPA.

**SECOND DEFENSE**

As its Second Defense, Ditech states that the FDCPA claims are barred as it is a creditor under the FDCPA.

**THIRD DEFENSE**

As its Third Defense, Ditech states that the FDCPA claims are barred to the extent that Plaintiff and/or any class members seek to recover damages for any FDCPA violations that occurred more than one (1) year prior to the filing of this lawsuit.

---

[1] Ditech notes that the Complaint has two paragraphs numbered Paragraph 40.  [ECF No. 17].

**FOURTH DEFENSE**

As its Fourth Defense, Ditech states that the FDCPA claims under 15 U.S.C. § 1692g are barred as the subject envelopes are not "communications" under 15 U.S.C. § 1692a because they do not convey any information regarding a debt directly or indirectly to any person through any medium.

**FIFTH DEFENSE**

As its Fifth Defense, Ditech states that the FDCPA claims are barred as the subject envelopes were not communications in the connection with debt collection, but rather to enforce a security interest.

**SIXTH DEFENSE**

As its Sixth Defense, Ditech states that the FDCPA claims are barred due to a failure by Plaintiff and/or the class members to mitigate their damages.

**SEVENTH DEFENSE**

As its Seventh Defense, Ditech states that the FDCPA claims are barred as any alleged violation was not intentional and resulted from a bona fide error notwithstanding it maintaining procedures reasonably adapted to avoid any such error.

**EIGHTH DEFENSE**

As its Eighth Defense, Ditech states that the FDCPA claims are barred because Plaintiff does not have standing under Article III of the Constitution because he did not suffer an injury-in-fact.  See Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015).

**NINTH DEFENSE**

As its Ninth Defense, Ditech states that Plaintiff's demand for a jury trial should be stricken because Plaintiff waived the right to bring a jury trial for this claim in the underlying loan documents.

**TENTH DEFENSE**

As its Tenth Defense, Ditech states that to the extent that the alleged act constituted an FDCPA violation, such act was outside the scope of its relationship with Safeguard, and thus, Ditech cannot be held vicariously liable as a matter of law.

**ELEVENTH DEFENSE**

As its Eleventh Defense, if Ditech is liable to Plaintiff in any sum whatsoever, then a vendor and/or vendors is liable to indemnify it under common law principles of indemnity and under contract.

**TWELFTH DEFENSE**

As its Twelfth Defense, Ditech states that class certification is not appropriate as to any putative class members who are parties to binding arbitration agreements.

**RESERVATION OF RIGHTS**

Ditech reserves the right to amend its affirmative defenses as the case progresses, in accordance with the requirements of any Scheduling Order of this Court.

Respectfully submitted,

By: /s/Justin Angelo_____
Justin Angelo
Ballard Spahr LLP
919 3rd Avenue
New York, NY 10022-3556
Telephone: 646.346.8012
angeloj@ballardspahr.com
*Attorneys for Defendant*

Of counsel:
Martin C. Bryce, Jr.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8238
bryce@ballardspahr.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this <u>8th</u> day of May, 2016 a true and correct copy of the foregoing **DEFENDANT DITECH FINANCIAL LLC's ANSWER AND AFFIRMATIVE DEFENSES** was served by ECF on the following attorneys of record:


Shimshon Wexler, Esq.
315 West Ponce de Leon Avenue, Suite 250
Decatur, GA 30030
swexler@gmail.com


<u>/s/ Justin Angelo                          </u>.
                 Justin Angelo